UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXNDRIA DIVISION

| | | |
|---|---|---|
| DAWN ARMER | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| SAFECO INSURANCE COMPANY | * | |
| OF OREGON | * | MAGISTRATE: |

*****************************************************************************

## COMPLAINT FOR DAMAGES

NOW COMES Petitioner herein, Dawn Armer, through undersigned counsel, who respectfully represents that:

## PARTIES

1.

Made Petitioner herein is:

**DAWN ARMER**, a person of the full age of majority and domiciled in the Parish of Rapides, State of Louisiana.

2.

Made Defendant herein is:

**SAFECO INSURANCE COMPANY OF OREGON (hereinafter referred to as "SAFECO"),** a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

3.

This Court has specific personal jurisdiction over Safeco because it conducts business in the State of Louisiana, namely the sale of insurance policies to, among other consumers, Louisiana homeowners, and because this claim arises out of Defendant's failure to fulfill a written contract

executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Western District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in Rapides Parish.

**FACTUAL BACKGROUND**

6.

Safeco is justly and truly indebted to the Petitioner herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Petitioner owns residential property located at 355 Pin Oak Drive, Boyce, Louisiana 71409 (hereinafter "the Residence").

8.

On August 27, 2020, Petitioner had in place a contract with Safeco to provide a homeowner's insurance policy, policy number OF2292052 (hereinafter "the Policy"), for the Residence. At all times pertinent hereto, the Policy provided insurance coverage for the matters, risks, and things involved herein, including but not limited to dwelling coverage, contents, loss of use, recoverable

depreciation, as well as all repair/replacement costs. As such, Petitioner is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from the subject hurricane.

9.

On August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana with 150 mph winds. The event caused widespread devastation and damage across much of Louisiana, including the Residence.

10.

In compliance with the Policy, Petitioner promptly reported the resulting extensive damage to Safeco, who therefore knew almost immediately that the Residence had sustained severe physical and structural damage.

11.

The damage to Petitioner's Residence was severe and catastrophic, with multiple trees collapsing onto the Residence and significant water intrusion from wind-caused openings. The extensive damage to the Residence caused by the windstorm of Hurricane Laura rendered the Residence uninhabitable, and Safeco should have known from the moment of its first inspection that the Residence suffered very significant damage that would cost well over $100,000.00 to repair.

12.

Despite being provided with ample opportunity to inspect and discover damage to the Residence, *i.e.*, sufficient proof of loss, Safeco failed to timely and adequately tender payment under the Policy. Safeco inspected the Residence on numerous occasions and made numerous small payments, all of which were untimely except for a single payment made in September 2020. Due to

either Safeco's incompetence, negligence, or lack of sufficient care, Safeco waited many months to tender various amounts of money to Petitioner for clear and obvious damage to her home, as well as damage to her personal property, making late payments to Petitioner in January 2021, March 2021, April 2021, May 2021, November 2021, and June 2022

13.

Safeco repeatedly underpaid Petitioner for her damage despite the obvious existence of severe, catastrophic damage to Petitioner's Residence. That arbitrary and capricious claims handling, which unduly delayed and prevented Petitioner from timely repairing the Residence, forced Petitioner to live in a hotel room for eight long months. Safeco's conduct caused Petitioner severe anguish, distress, inconvenience, and aggravation. Moreover, Safeco's conduct exhausted Petitioner's Additional Living Expense coverage on a hotel room, leaving Petitioner to foot the bill for her various other out of pocket expenses that she incurred to maintain her normal standard of living, such as dining out during her eight-month-long hotel stay.

14.

As a result of Safeco's failure to timely and adequately adjust Petitioner's claim for damage to the Residence, damage to Petitioner's personal property, and Petitioner's additional living expenses, Petitioner has incurred, and will continue to incur, expenses including attorneys' fees, building consultant service expenses, expert expenses, and other case-related expenses.

15.

As a result of Safeco's failure to timely and adequately adjust Petitioner's claim for damage to the Residence, damage to Petitioner's personal property, and Petitioner's living expenses, Petitioner has suffered contractual, consequential, and tort damages.

## **CAUSE OF ACTION: Breach of Contract**

16.

Petitioner repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

17.

Based on the facts alleged above, Safeco entered and subsequently broke a contract with Petitioner (the Policy) that provided insurance coverage to Petitioner for, among other things, dwelling damage, other structures damage, contents/personal property damage, additional living expenses, and recoverable depreciation.

18.

Safeco had the opportunity to apprise itself of the damages and obtain proof of loss when its adjuster first inspected the Property; however, Safeco's investigation was grossly incomplete and inadequate.

19.

Safeco consequently unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on Petitioner's claims.

20.

By virtue of its various breaches of contract, which were in bad faith, including its failure to fully reimburse Petitioner for the covered losses, Safeco is liable to and owes Petitioner for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Petitioner may prove as allowed by law.

## CAUSE OF ACTION: Bad faith under La. R.S. 22:1892 and 22:1973

21.

Petitioner repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

22.

The actions of Safeco in failing to timely, fully, and fairly adjust Petitioner's claim are arbitrary, capricious, and without probable cause, making Safeco liable for damages, penalties and attorney fees provided under La. R.S. 22:1892 and 22:1973. Specifically, Safeco failed to provide adequate payment despite having received satisfactory proof of loss by virtue of Safeco's own, several inspections. Safeco also failed to adequately, promptly, fairly, and fully investigate Petitioner's Residence for covered losses. For example, Safeco's first adjuster chose not to enter the Residence to inspect for damage despite the presence of several trees on top of and inside the Residence.

23.

Defendant, Safeco, is liable unto the Petitioner under the following legal theories:

1. Breach of contract;
2. Bad faith claims adjusting;
3. Negligent claims adjusting;
4. Intentional infliction of emotional distress;
5. Negligent infliction of emotional distress;
6. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

24.

As a result of Hurricane Laura and as a result of Safeco's arbitrary and capricious claims adjusting, Petitioner has sustained, or will sustain, the following non-exclusive damages:

1. Property damages;
2. Loss of contents;
3. Loss of use and enjoyment of property;
4. Additional living expenses;
5. Repair and remediation expenses;
6. Loss of investment value of funds used to offset Safeco's failure to pay, including lost interest;
7. Diminution of value of property;
8. Loss or diminution of credit rating;
9. Extreme mental anguish, including inconvenience, stress, and aggravation;
10. The penalties proscribed by La. R.S. 22:1892 and 22:1973;
11. Attorney's fees and costs of this litigation; and
12. Any and all other damages which will be shown through discovery and proven at trial.

25.

Petitioner prays for and are entitled to trial by jury, bond to be set at a later date.

WHEREFORE, Petitioner, Dawn Armer, prays that the Defendant, Safeco Insurance Company of Oregon, be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment

rendered in favor of Petitioner and against Defendant, in an amount that will fully compensate Petitioner for the damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted:

**MARCELLE ROBERTSON MESTAYER LLC**

/s/ Jacques Mestayer
Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:    (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com
*Attorneys for Plaintiff*

**Service by Waiver**